## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| MARCOS VALENZUELA, and SERGIO CREGO, on behalf of themselves and all other similarly situated individuals, | |
| Plaintiffs, | Docket No._____ |
| v. | **Complaint-Collective Action** |
| IEC US HOLDINGS, INC., a Florida corporation d/b/a FLORIDA CAREER COLLEGE. | |
| Defendant. | **JURY TRIAL DEMANDED** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Marcos Valenzuela and Sergio Crego, on behalf of themselves and all other similarly situated individuals, by and through their undersigned counsel, for their Collective Action Complaint against Defendant IEC US Holdings, Inc., a Florida corporation d/b/a Florida Career College (herein referred to as "FCC"), allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

### I. INTRODUCTION

1. This is a collective action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former hourly employees of FCC in the State of Florida for the purpose of obtaining relief under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

2. Plaintiffs are hourly employees of FCC's ten Florida campuses located in Miami, Pembroke Pines, West Palm Beach, Lauderdale Lakes, Hialeah, Orlando, Tampa, Margate and Boynton Beach. Specifically, Plaintiffs Valenzuela and Crego worked in conjunction with the Hialeah campus. Defendant FCC has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law.

3. The uncompensated time includes, but is not limited to, time spent performing their regular work duties in excess of 40 hours per week and not getting paid any overtime.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant FCC resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III. PARTIES

6. Plaintiff Marcos Valenzuela is a former FCC employee who worked as an Admissions Representative for the FCC Hialeah campus and who was employed during the relevant time period in this case. Plaintiff Valenzuela was employed by FCC from approximately November 2016 through June 2018.

7. Plaintiff Sergio Crego is a former FCC employee who worked as an Admissions Representative for the FCC Hialeah campus and who was employed during the relevant time period in this case. Plaintiff Crego was employed by FCC from approximately November 2016 through November 2017.

8. Defendant FCC operates a group of ten college campuses in the State of Florida that have thousands of students enrolled. Defendant FCC is a corporation engaged in interstate commerce and in the production of goods for commerce in these and various other locations throughout the United States. FCC can be served with original service of process through its agent for service, **Corporation Service Company.**

## IV. COLLECTIVE ACTION ALLEGATIONS

9. The Named Plaintiffs are individuals who, within the applicable period of limitations prior to the commencement of this action, were employed by FCC in Florida. This matter is maintainable as a Collective action pursuant to 29 U.S.C. § 216(b), on behalf of a collective class consisting of: current and former hourly employees of FCC at its ten Florida campuses (Miami, Pembroke Pines, West Palm Beach, Lauderdale Lakes, Hialeah, Orlando, Tampa, Margate and Boynton Beach) (the "Class").

10. Plaintiffs believe that there are at least 100 present and former production and support employees in the Collective Class during the relevant Class period of December, 2015 to the present.

11. The complained of unlawful compensation system at issue in this Complaint has affected Defendant FCC's present and former hourly employees uniformly at all ten campus locations. At all times relevant to this Complaint, Defendant FCC has utilized the same compensation system complained about herein.

12. Plaintiffs and all Collective Class members are similarly situated individuals who worked at and/or continue to work at Defendant FCC's Florida ten campuses and who were and/or continue to be deprived of their lawful wages under federal law in the same manner.

13. The facts and circumstances relating to Defendant FCC's compensation system and employment-related activities present common questions of law and fact pursuant to federal law.

14. Defendant FCC's failure and refusal to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant FCC knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

15. Despite its knowledge that time spent by Plaintiffs and Class members working over 40 hours per week, as described above, was compensable time under federal law, Defendant FCC has refused to fully compensate workers at all of its Florida campuses for any of this overtime work.

**V.     PRELIMINARY FACTUAL ALLEGATIONS**

16. Defendant FCC operates ten college campuses in the State of Florida. The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former hourly employees at all of these campus locations.

17. Under FCC's wage compensation system, FCC only pays Plaintiffs and Class members for 40 hours per week even though Plaintiffs and Class members are hourly employees who work far in excess of 40 hours per week on a weekly basis and thus are eligible and entitled to overtime pay under federal law.

18. Defendant FCC has express knowledge that its hourly employees are working in excess of 40 hours per week without being paid overtime and yet FCC has mandated and permitted its hourly workers to work in excess of 40 hours per week without paying them overtime as required by federal law.

19. As a consequence of the compensation system utilized by Defendant FCC, Plaintiffs and Class members are not paid any overtime pay at all despite routinely working in excess of 40 hours per week.

20. Pursuant to FCC's compensation system, hourly employees are not compensated for any time spent working in excess of 40 hours per week, even though working in excess of 40 hours per week is necessary for the performance of their jobs.

21. As a result of FCC's compensation system, and other practices and policies followed by Defendant, Plaintiffs and Class members are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked at all time during the alleged Class Period.

22. Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant FCC's ten Florida campuses and who were and/or continue to be deprived of their lawful wages under federal law in the same manner.

23. Defendant FCC's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant FCC knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

24. Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under federal law, Defendant FCC has taken no steps to fully compensate workers at its ten Florida campuses for this time.

V. **CAUSES OF ACTION**

**COUNT I**

**All Class Members v. FCC**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**All Plaintiffs v. FCC**

25. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

26. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant FCC was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

27. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant FCC, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

28. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant FCC:

A. That this Court Order an accounting of lost wages for Plaintiffs;

B. That this Court enjoin Defendant FCC from continuing to commit unlawful practices related to wages; and

C. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

D. That this Court certify this matter as a collective action pursuant to 29 U.S.C. § 216(b).

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Manuel A. Avila, Esq.
MANUEL A. AVILA, Esq.
Florida Bar No. 0868787
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, FL 33176
Office: 305 249-1111
Fax: 1-305 647-0686
Email: MAvila@AvilaLegal.com

BRIAN P. MCCAFFERTY
Kenney & McCafferty Law Firm
1787 Sentry Park West
Building 18, Suite 410
Blue Bell, PA 19422
Phone: (215) 367-4333
Facsimile: (215) 367-4335
E-Mail: cafstar@aol.com

**Attorneys for Plaintiffs**

DATED: January10, 2019